## Chicago, Burlington and Quincy Railroad Company

### v.

### George Hoeffner.

*Carriers—Action for Delay in Carrying a Corpse—Trial by Court—Propositions of Law—Not Material to Issue.*

In an action against a common carrier to recover damages for delay in carrying the corpse of plaintiff's son, where the trial was by the court, this court holds, that the only questions presented by the record were not material to the issue, and that the judgment for the plaintiff must be affirmed.

[Opinion filed March 4, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. George Willard, for appellant.

No appearance for appellee.

GARY, J.   This is an action by the appellee against the railroad for delay in carrying the corpse of his son from Chicago to Mendota, whereby the appellee was put to expense.   Doubtless there was a misunderstanding between the appellee and the servants of the company at the time the corpse was delivered, and there is a conflict in the testimony, upon which conflict the finding of the court below is as final as the verdict of the jury.   The only question of law arises upon the refusal to hold as law, and the refusal of some evidence in support of propositions offered by appellant, as follows:

"1.   The court is asked to hold, as a proposition of law, that if at the time in question it was customary with undertakers when delivering corpses to railroad companies, to see to the placing of the corpse on board the train, and that at the time in question the defendant acted in accordance therewith, then such custom is material and binding upon the parties, provided such custom was reasonable.

"2.   The custom above referred to was a reasonable and proper one to be followed in this case."

There was no controversy that the appellee had the necessary tickets, and that he delivered the corpse to the proper person at the proper place, and though an undertaker was with him when the corpse was delivered, yet the whole controversy was only as to what directions the person receiving the corpse gave to the appellee.   Any custom of undertakers was foreign to the issue.   The ground of recovery is that the servant of the company misled the appellee.   The judgment must be affirmed.

*Judgment affirmed.*